**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| INNKEEPERS USA TRUST, *et al.*, | ) Case No. 10-13800 (SCC) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |
| INNKEEPERS USA TRUST, *et al.*, | ) |
| | ) Adversary Proceeding |
| Plaintiffs, | ) Case No. 11-02557-SCC |
| v. | ) |
| | ) |
| CERBERUS SERIES FOUR HOLDINGS, LLC, | ) |
| CHATHAM LODGING TRUST, INK | ) |
| ACQUISITION LLC, AND INK ACQUISITION II | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Order") is entered into between Plaintiffs Innkeepers

USA Trust, and its affiliated debtor entities identified in Paragraph 15 of the Complaint

(collectively, "Plaintiffs"), Cerberus Series Four Holdings, LLC ("Cerberus"), Chatham Lodging

Trust ("Chatham," and together with Cerberus, the "Plan Sponsors"), INK Acquisition LLC

("INK I"), and INK Acquisition II LLC ("INK II," and together with INK I, individually or

---

[1]    The list of Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's federal tax
identification number can be found by visiting the Debtors' restructuring website at
www.omnimgt.com/innkeepers or by contacting Omni Management Group, LLC at Innkeepers USA Trust c/o
Omni Management Group, LLC, 16161 Ventura Boulevard, Suite C, PMB 606, Encino, California 91436.  The
location of the Debtors' corporate headquarters and the service address for their affiliates is:  c/o Innkeepers
USA, 340 Royal Poinciana Way, Suite 306, Palm Beach, Florida 33480.

collectively, "New HoldCo," and together with all defendants, the "Defendants"), through their respective counsel, (collectively, the "Parties");

WHEREAS, the Parties have sought or may seek certain discovery from one another with respect to the claims or defenses in the above captioned adversary proceeding (the "Adversary Proceeding"), including through service of document requests, interrogatories, depositions, and otherwise as provided by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court ("Discovery Requests"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests (the "Non-Parties") in connection with the Adversary Proceeding;

To expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1.     This Order applies to all information, documents and things exchanged in or subject to discovery in the Adversary Proceeding produced on or after September 9, 2011 either by a Party or a Non-Party (each a "Producing Person"), formally or informally, in response to or in connection with any request for information or discovery related to the Adversary Proceeding, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things

---

[2]     References herein to "Non-Parties" or a Non-Party," or a "Non-Party" becoming a "Party," is for purposes of reference in this Order only.  All such references herein are not intended to reflect any agreement as to whether any "Party" is or will be a "party," or any "Non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof, except as provided in Paragraph 19 below (collectively referred to as "Discovery Material").

2. The Parties agree that the Parties shall submit this Order to the Court to serve as a Stipulated Protective Order for governing information exchanges and discovery relating to the Adversary Proceeding. The Parties expressly agree to abide by the terms of this Stipulated Protective Order pending action by the Court to either enter or deny the same.

3. A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c) and Federal Rule of Bankruptcy Procedure 7026; or (ii) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another Party or Non-Party to so designate on the ground that such other Party or Non-Party considers such material to contain information that is confidential or proprietary to such Party or Non-Party.

4. A Producing Person may designate Discovery Material as "Highly Confidential" if such Producing Person believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material

constitutes or includes Confidential information (as defined herein) that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in paragraph 9 of this Order, such as trade secrets or sensitive financial or business information.

5.      Subject to the other provisions of this Order, each receiving Party may designate individual employees or officers of the Party (the "Receiving Party Designees") besides those listed in paragraph 9 of this Order who shall be permitted to review Confidential and Highly Confidential Material.

6.      Where reasonably practicable Highly Confidential Material or Confidential Material shall be designated by the Producing Person as such by marking every such page "Highly Confidential" or "Confidential" respectively. Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as "Highly Confidential" or "Confidential" by informing the person to whom the material is provided in writing in a clear and conspicuous manner at the time of production of such material, that such material is "Highly Confidential" or "Confidential."

7.      Any Discovery Material designated "Highly Confidential" or "Confidential" may be used only in connection with the Adversary Proceeding and in any judicial proceedings relating to the Adversary Proceeding that may result.

8.      Any Non-Party that agrees in writing to the terms of this Order shall be treated as a Party to this Order with all rights of the signatory Parties hereto and shall be permitted to

review Highly Confidential Material and Confidential Material as set forth in paragraphs 9 and 10.

9.      Highly Confidential Material shall be given, shown, made available to or communicated only to the following:

     a.      outside or in-house counsel, and staff working under the express direction of such counsel, for:

        (i)      the Plaintiffs; and

        (ii)      the Defendants;

     b.      industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained in connection with the Adversary Proceeding;

     c.      any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Highly Confidential Material;

     d.      any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, during or in preparation for his or her noticed deposition, hearing or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

     e.      the Receiving Party Designees;

     f.      the Court, its officers and clerical staff in the Adversary Proceeding, and any judicial proceeding that may result from the Adversary Proceeding;

     g.      outside photocopying, graphic production services, or litigation support services;

     h.      court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

     i.      any other person or entity with respect to whom the Producing Person may consent in writing.

10.     Confidential Material shall be given, shown, made available to or communicated only to the following:

       a.     the Plaintiffs;

       b.     the Defendants;

       c.     any Non-Party who has agreed to be bound by the terms of this Order; and

       d.     any other persons specified in Paragraph 9 above.

11.     Highly Confidential Material and the substantive information contained within such items shall only be given, shown, made available to, disclosed or communicated in any way to those people provided in paragraph 9.  Confidential Material and the substantive information contained within such items shall only be given, shown, made available to, disclosed or communicated in any way to those people provided in paragraph 10.

12.     Before any person or their representative identified in Paragraph 9(b) through 9(d) is given access to Discovery Materials designated "Confidential" or "Highly Confidential," if allowed by the above rules, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement, in the form provided as Exhibit A hereto, that he or she read the Order and agrees to be bound by the terms thereof.  Such executed forms shall be retained in the files of counsel for the Party who gave access to the Discovery Materials designated as "Confidential" or "Highly Confidential" to the person who was provided such access.  Such executed forms shall not be subject to disclosure under the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure unless a showing of good cause is made and the Court so orders; provided, however, a Party shall provide copies of executed forms in its possession upon request by another Party hereto.

13.     Provided that Highly Confidential Material or Confidential Material is accepted for filing by the Court under seal, Highly Confidential Material or Confidential Material shall be filed under seal.  Highly Confidential Material or Confidential Material and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers filed with the Court shall be filed under seal in a separate sealed envelope conspicuously marked "Filed Under Seal – Subject to Confidentiality Order," or with such other markings as required by the Court's rules.  Where possible, only those portions of filings with the Court that disclose Highly Confidential Material or Confidential Material shall be filed under seal.  Each filing party will make a good faith effort to file Highly Confidential Material or Confidential Material under seal.  If such Highly Confidential Material or Confidential Material is not accepted for filing by the Court under seal, then such Highly Confidential Material or Confidential Material shall be filed or presented as the Court instructs.

14.     The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  Prior to the use of any Highly Confidential Material or Confidential Material at trial or any hearing to be held in open court, counsel for any Party (whether or not a Producing Person) who desires to so offer or use such Highly Confidential Material or Confidential Material shall endeavor to meet and confer with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to redact the Highly Confidential Material or Confidential Material so that the material may be offered or otherwise used by any party.  If the Parties are unable to resolve a dispute involving such redaction, the Party seeking to use such materials at trial or any hearing may then move the Court to resolve any such dispute.   Otherwise, counsel for any Party who

desires to offer or use such Highly Confidential Material or Confidential Material shall advise the Court so appropriate protections may be instituted by the Court.

15.     In the case of depositions, if counsel for a Party or Non-Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Material or Highly Confidential Material of such Party or Non-Party, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed.  The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  In addition, each page of the transcript containing information designated as Confidential Material shall include the legend "Confidential," and each page containing information designated as Highly Confidential shall include the legend "Highly Confidential."  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.  When testimony designated as Confidential or Highly Confidential is elicited during a deposition, or a document designated as Confidential or Highly Confidential is used at such deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.  In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential or Highly Confidential within seven (7) court days of the Party's or Non-Party's receipt of the final transcript from the court reporter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as

Confidential Material or Highly Confidential Material, and directing the court reporter to place the same under seal as provided in this paragraph 15. Until expiration of the aforesaid seven (7) day court period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition. Nothing in this paragraph shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions. The Parties shall reasonably accommodate requests to shorten the "seven (7) day court period" set forth in this paragraph on a case-by-case basis consistent with the expedited nature of the Adversary Proceeding.

16. Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

17. If any receiving Party objects to the designation of any Discovery Material as "Confidential" or "Highly Confidential" (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the receiving Party shall first raise the objection with the Party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If such a dispute cannot be resolved after such objection is first raised, the objecting Party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated. Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order. In connection with any motion concerning

the propriety of a "Confidential" or "Highly Confidential" designation, the Party making the designation shall bear the burden of proof.

18.     A receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by another production Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to the designation at trial.

19.     To the extent that any Party has documents or information that (i) were already in its possession as of September 9, 2011; (ii) are received or become available to a Party on a proper non-confidential basis not in violation of an obligation of confidentiality to any other person; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party, nothing in this Order shall limit that Party's ability to use such documents in a deposition, hearing, trial or otherwise in connection with the Adversary Proceeding.  Nothing in this Order shall affect the obligation to continue to comply with any confidentiality obligation to another person, including a Party, with respect thereto.

20.     This Order is a procedural device intended to protect confidential Discovery Materials.  Nothing in this Order shall affect any Party's or Non-Party's rights or obligations under the Bankruptcy Code or otherwise.

21.     Except as otherwise set forth herein, within 60 days of the conclusion of the Adversary Proceeding, including any proceedings in connection with which Highly Confidential Material or Confidential Material were produced, including all post-trial motions, motions for

stay, mandamus and appeals as to all Parties, upon request by a Producing Person, all Highly Confidential Material or Confidential Material, and all copies or notes thereof, shall either be returned to counsel for the respective Producing Person, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order.  Notwithstanding the foregoing, (a) the in-house legal department for any of the Parties may keep one copy of Highly Confidential Material or Confidential Material if required by such Party's internal policies and procedures implemented in order to comply with applicable law, regulation, professional standards or reasonable business practices (including compliance with any requirement imposed by an applicable Pooling and Servicing Agreement) and (b) Highly Confidential Material and Confidential Material may be retained to the extent it is "backed up" on electronic information management and communications systems or servers, is not available to an end user and cannot be expunged without considerable effort.  If a person in possession of Highly Confidential Material or Confidential Material chooses to destroy documents rather than return the same, that person shall certify such destruction in writing to opposing counsel or counsel for the Producing Person.  Notwithstanding anything in this paragraph, to the extent that the information in the Highly Confidential Material or Confidential Material remains confidential, the terms of this Order shall remain binding.

22.    This Order applies to all Non-Parties that are served with subpoenas in connection with the Adversary Proceeding or who otherwise produce documents or are noticed for deposition in connection with the Adversary Proceeding, and all such Non-Parties are entitled to the protection afforded hereby upon signing a copy of this Order and agreeing to be bound by its terms.

23.     Any Party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

24.     Any person or Party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another Party's or Non-Party's information designated under one of the categories of confidentiality pursuant to this Order: (i) shall promptly notify that Party or Non-Party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless required by court order, law or regulation, or with the consent of the Producing Person.

25.     Except as set forth in Paragraph 14 above, nothing in this Order affects the right of any Producing Person that designates material as "Confidential" or "Highly Confidential" to use or disclose such material in any way.  Such disclosure will not waive the protections of this Order and will not entitle other Parties, Non-Parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing Person uses material it produced in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and to contend that such designation has been waived.

26.     Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as "Confidential" or "Highly Confidential."  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner

inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as "Confidential" or "Highly Confidential" in accordance with this Order; *provided, however*, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential" or "Highly Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material may be used during that day's deposition or hearing, as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

27.    If information or documents subject to a claim of attorney-client privilege, work-product immunity or other applicable privilege or protection from disclosure is inadvertently or mistakenly produced, such production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information either in connection with Adversary Proceeding or in any other state or federal proceeding. If information or documents subject to a claim of privilege or of protection as trial preparation material are produced, the Producing Person making the claim may give written notice to any Party or Non-Party that received the information that the information or document produced is considered privileged and request the return of the information or document. After being notified, a Party or Non-Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified. If the receiving party wishes to challenge the Producing Person's assertion of privilege or immunity,

the receiving party may move the Court for an order compelling return of such information on any basis other than waiver due to inadvertent disclosure of privileged material.

28.     Nothing herein shall be deemed to prevent a Party or Non-Party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a Party or Non-Party from seeking additional or further limitations on the use or disclosure of such information.

29.     The provisions of this Order shall survive the final termination of the Adversary Proceeding for any retained Highly Confidential Material or Confidential Material.

Dated:  September 6, 2011           **IT IS SO ORDERED:**
New York, New York

_/s/ Shelley C. Chapman_
Honorable  Shelley C. Chapman
United States Bankruptcy Judge

## Exhibit A

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

1.     My address is _____ .

2.     My present employer is_____ .

3.     My present occupation or job description is _____

_____ .

4.     I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order in relating to the Adversary Proceeding. I further certify that I will not use "Confidential" or "Highly Confidential" information for any purpose other than this dispute among the parties, and will not disclose or cause "Confidential" or "Highly Confidential" information to be disclosed to anyone not expressly permitted by the Order to receive "Confidential" or "Highly Confidential," as applicable, information. I agree to be bound by the terms and conditions of the Order.

5.     I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential" or "Highly Confidential," whether at home or at work, all copies of any materials I receive which have been designated as "Confidential" or "Highly Confidential," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner consistent with the Order. I acknowledge that the return or destruction of "Confidential" or "Highly Confidential" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.     I acknowledge and agree that I am aware that by receiving materials designated as "Confidential" or "Highly Confidential" (a) I may be receiving material non-public

information about companies and (b) there exist laws, including federal securities laws, that may restrict or eliminate the sale or purchase of securities and debt of the such companies as a result of the receipt of such information.

       7.    I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____