**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendant Chatham Lodging Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| INNKEEPERS USA TRUST, *et al.*, | ) Case No. 10-13800 (SCC) |
| | ) |
| *Debtors.* | ) Jointly Administered |
| | ) |
| | ) |
| INNKEEPERS USA TRUST, *et al.*, | ) **Adversary Proceeding** |
| *Plaintiffs*, | ) |
| | ) **Case No. 11-02557-SCC** |
| v. | ) |
| | ) |
| CERBERUS SERIES FOUR HOLDINGS, LLC, | ) |
| CHATHAM LODGING TRUST, INK | ) |
| ACQUISITION LLC, AND INK ACQUISITION II | ) |
| LLC, | ) |
| *Defendants.* | ) |

## <u>DEFENDANT CHATHAM LODGING TRUST'S ANSWER TO COMPLAINT</u>

Defendant Chatham Lodging Trust ("Chatham"), by its undersigned attorneys, as

and for its Answer to Plaintiffs' Complaint, hereby alleges and states, with knowledge as to itself

and otherwise on information and belief, as follows:[1]

---

[1]    Capitalized terms have the same meaning as in Plaintiffs' Complaint except where otherwise defined.

The Complaint fails to make any mention of the principal fact that governs this suit: under the terms of the Court's Bidding Procedures Order and the parties' binding contract, the Commitment Letter, Innkeepers' sole remedy in law or in equity against the Defendants for any breach of the Commitment Letter is to retain the Defendants' $20 million deposit as liquidated damages.

On March 11, 2011, the Court approved the Debtors' motion for entry of the Fixed/Floating Debtors Bidding Procedures [Docket No. 1009] (the "Bidding Procedures Order"). The Bidding Procedures Order sets forth the procedures, rights and obligations of all entities participating in the auction process, including the Debtors and the Defendants. Among the provisions proposed by the Debtors, and approved by the Court, is a deposit and corresponding liquidated damages provision: Section 8 provides that each bidder must submit a deposit in the amount of $20 million along with its bid, and that in the event of a "breach or failure to perform" by the "Successful Bidder," "[r]etention of the Deposit, plus accrued interest, as liquidated damages, shall be the Fixed/Floating Debtors' <u>sole remedy at law and in equity</u> against the Successful Bidder[.]" (Emphasis added.) In other words, by Court Order procured by the Debtors, any damages for breach of the Commitment Letter are capped at the $20 million amount of the Defendants' deposit, and neither specific performance nor further compensatory damages is available as a remedy.

Following the May 2, 2011 auction, Innkeepers, the Cerberus entities and Chatham signed an Amended and Restated Binding Commitment Agreement Regarding the Acquisition and Restructuring of Certain Subsidiaries of Innkeepers USA Trust, dated as of May 16, 2011 (the "Commitment Letter"), to which the Amended and Restated Term Sheet (the "Term Sheet") is attached as Exhibit B, having previously placed a $20 million deposit into escrow in

accordance with the Bidding Procedures Order. The Commitment Letter specifically incorporates the Bidding Procedures Order, including the deposit and corresponding liquidated damages provision. Paragraph 6 of the Commitment Letter plainly states: "<u>In accordance with the Bidding Procedures Order</u>, the Plan Sponsors [(*i.e.*, the Cerberus entities and Chatham)] have deposited cash in an amount equal to $20 million (the '<u>Deposit</u>')." (Emphasis added.) In other words, the parties unambiguously agreed that in the event of a breach or failure to perform under the Commitment Letter, the "sole remedy" available to Innkeepers is retention of the Deposit as liquidated damages — as provided for in the Bidding Procedures Order.

That provision of the Commitment Letter is consistent with all the parties' understanding that the May 2, 2011 auction was being conducted subject to and in accordance with the Bidding Procedures Order. Indeed, counsel for the Debtors made clear, repeatedly, during the auction that "[t]he debtors are administering today's auction with respect to the fixed and floating hotels pursuant to those [bid] procedures." *In re Innkeepers USA Trust*, Auction Hearing Tr. 13 (S.D.N.Y. Bankr. May 2, 2011); *see also id.* 14 ("As the Bid Procedures set forth, by submitting a bid you are confirming that you will be abiding by the Bid Procedures that have been approved by the Court[.]"); *id.* 12, 15, 19 (Bidding Procedures Order governs).

Plaintiffs' newly contrived position — that the Defendants (as the Successful Bidder) do not enjoy the benefits of the Commitment Letter and Bidding Procedures Order (including the liquidated damages provision) — was raised for the very first time in the Complaint. At no time prior to the filing of the Complaint on August 29, 2011 — not during the auction process, nor at any of the numerous hearings before this Court — did the Debtors or their counsel identify what would have been both a highly material and highly beneficial contractual term *favoring the Debtors,* and significantly distinguishing Defendants' bid from the Five

Mile/Lehman bid. The reason why Plaintiffs never made any mention of such a distinction between the two competing bids is because there never was one.

The Defendants would never have participated in the auction process and knowingly assumed an undefined and unlimited risk. Neither Plaintiffs nor Defendants have ever waived the rights and protections of the Bidding Procedures Order; nor has this Court at any time modified, altered or rescinded the Bidding Procedures Order.

In short, this is not a case that calls upon the Court to decide whether the extraordinary equitable remedy of specific performance is available. Nor is it a case in which purported compensatory damages, if any, are at issue because, even if Plaintiffs were able to establish that Defendants had breached their obligations under the Commitment Letter, their "sole and exclusive remedy in law and in equity" is retention of the $20 million deposit. This is a case solely about whether the Debtors may retain Defendants' $20 million deposit, in the event that the Court determines in Plaintiffs' favor that a breach of the Commitment Letter has occurred. As will be proven at trial, however, Plaintiffs are not entitled to retain even the $20 million deposit because Defendants had a contractual right to call a "Termination Event," which they properly did.

\*     \*     \*

Against this backdrop, Chatham answers the specific allegations of the Complaint, as follows: [2]

1.     Chatham denies the factual allegations of paragraph 1. The remaining allegations of paragraph 1 constitute conclusions of law to which no responsive pleading is required. To the

---

[2]     Chatham makes no responsive pleading to the Headings contained in Plaintiffs' Complaint because none is required. To the extent such responses may be required, Chatham denies each and every Heading contained in Plaintiffs' Complaint.

extent a response may be required, Chatham denies them and denies that Plaintiffs are entitled to any of the relief requested in this Adversary Proceeding.

2. Chatham admits that it executed the Commitment Letter effective as of May 16, 2011, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself. The remaining allegations of paragraph 2 constitute conclusions of law to which no responsive pleading is required. To the extent a response may be required, Chatham denies the remaining allegations of paragraph 2.

3. Chatham admits the allegations in the first sentence of paragraph 3, but denies the remaining allegations of paragraph 3 because it lacks knowledge and information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

4. Chatham admits that it was prepared to close the transaction on August 5 and that it so informed the Debtors. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 4, and therefore denies them.

5. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5, and therefore denies them.

6. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies them.

7. Chatham admits that it signed a letter dated August 19, 2011 that was sent by facsimile to Plaintiffs, among others, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 7.

8. The allegations of paragraph 8 constitute conclusions of law to which no responsive pleading is required. To the extent a response may be required, Chatham denies the allega-

tions of paragraph 8, except admits that the excerpted language quoted in the second sentence of paragraph 8 appears in the Commitment Letter, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself; and lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations concerning the drafting of the baseline bid referenced in paragraph 8.

9.      Chatham denies the allegations of paragraph 9.

10.      Chatham admits that Chatham's CEO Jeffrey Fisher held an earnings call on August 9, 2011 and respectfully refers the Court to the entirety of the transcript of the call for its full and complete contents, which document speaks for itself; admits that Chatham owns a number of extended stay hotels; admits that Chatham recently closed on the purchase of five of the Debtors' other hotels; admits that Mr. Fisher is also a director of Island Hospitality Management, Inc., which presented a forecast on August 15, 2011, and respectfully refers the Court to such forecast for its full and complete contents, which document speaks for itself; and otherwise denies the allegations of paragraph 10.

11.      Chatham respectfully refers the Court to the full and complete contents of the document excerpted in paragraph 11, which document speaks for itself, and otherwise denies the allegations of paragraph 11.

12.      Chatham denies the factual allegations in paragraph 12, and makes no responsive pleading to the conclusions of law contained therein, because none is required.

13.      The allegations of paragraph 13 constitute conclusions of law to which no responsive pleading is required.  To the extent a response may be required, Chatham denies that Plaintiffs are entitled to any of the relief requested in this Adversary Proceeding.

14. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies them, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

15. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies them.

16. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies them.

17. Chatham admits the allegations of paragraph 17.

18. Chatham admits the allegations of paragraph 18.

19. Chatham admits the allegations of paragraph 19.

20. The allegations of paragraph 20 constitute conclusions of law to which no responsive pleading is required.

21. The allegations of paragraph 21 constitute conclusions of law to which no responsive pleading is required. Chatham specifically denies that this action is a core proceeding arising in a case under title 11 of the United States Code.

22. Chatham respectfully refers the Court to the documents excerpted in paragraph 22 for their full and complete contents, which documents speak for themselves.

23. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23, and therefore denies them.

24. Chatham respectfully refers the Court to the documents of record referenced in paragraph 24, which documents speak for themselves, and otherwise lacks knowledge and in-

formation sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore denies them.

25.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25, and therefore denies them, except admits that the Five Mile/Lehman March Amended Commitment Letter is dated March 9, 2011, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

26.     Chatham admits that the Court entered the Bidding Procedures Order on March 11, 2011, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 26.

27.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27, and therefore denies them.

28.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28, and therefore denies them, except admits that Cerberus and Chatham submitted a joint bid for the Fixed/Floating Properties.

29.     Chatham admits that Chatham and Cerberus were required to submit with their bid for the Fixed/Floating Properties a marked copy of the Five Mile/Lehman March Amended Commitment Letter and Term Sheet reflecting the changes Cerberus and Chatham proposed to that letter and term sheet, and otherwise denies the allegations of paragraph 29.

30.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30, and therefore denies them.

31.     Chatham admits the allegations contained in the first and second sentences of paragraph 31, denies the remaining allegations of paragraph 31, and further avers that the Com-

mitment Letter referenced in paragraph 31 incorporates by reference the liquidated damages provision and all other relevant terms of the Court's Bidding Procedures Order, and respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves.

32.　　Chatham admits the allegations contained in the first sentence of paragraph 32, respectfully refers the Court to the documents referenced in paragraph 32 for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 32.

33.　　Chatham admits that it signed an April 25, 2011 Escrow Agreement on behalf of Ink Acquisition LLC, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 33.

34.　　Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34, and therefore denies them.

35.　　Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35, and therefore denies them.

36.　　Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 36, and therefore denies them.  Chatham admits the allegations of the second sentence of paragraph 36.

37.　　Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37, and therefore denies them.

38.　　Chatham admits the allegations of paragraph 38.

39.     Chatham admits that it is a party to the Commitment Letter, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 39.

40.     Chatham admits that it is a party to the Commitment Letter, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 40.

41.     Chatham admits that it is a party to the Commitment Letter, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 41.

42.     Chatham admits that it is a party to the Commitment Letter, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 42.

43.     Chatham admits that it is a party to the Commitment Letter, which includes the Term Sheet, respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 43.

44.     The allegations of paragraph 44 constitute conclusions of law to which no responsive pleading is required.  To the extent a response may be required, Chatham respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 44.

45.     The allegations of paragraph 45 constitute conclusions of law to which no responsive pleading is required.  To the extent a response may be required, Chatham respectfully refers

the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 45.

46.     Chatham admits the allegations of paragraph 46 and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

47.     Chatham admits that it is a party to the Commitment Letter, which includes the Term Sheet, respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 47.

48.     Chatham denies the allegations of paragraph 48, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

49.     Chatham admits that the Court's docket reflects that the Debtors filed the documents referenced in paragraph 49 with the Court on May 9, 19, and 20, 2011, respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 49.

50.     Chatham admits that the Court's docket reflects that the Debtors filed documents with the Court on June 13 and 29, 2011, and that the Court entered the Confirmation Order on June 29, 2011, respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 50.

51.     Chatham admits that the Court entered the Confirmation Order, respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves, and otherwise denies the allegations of paragraph 51.

52. The allegations of paragraph 52 constitute conclusions of law to which no responsive pleading is required.

53. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53, and therefore denies them, except admits that the referenced plan under which Chatham Lodging, L.P., an affiliate of Chatham, purchased five of the Debtors' hotels for $195 million was closed.

54. Chatham admits the allegations of paragraph 54 as they relate to Chatham, and otherwise lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54, and therefore denies them.

55. Chatham lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations of paragraph 55, and therefore denies them, except admits that there were e-mail communications between counsel for Cerberus and the Debtors on Monday, August 1, 2011 concerning certain leases, and respectfully refers the Court to those documents for their full and complete contents, which documents speak for themselves.

56. Chatham admits the allegations of paragraph 56, and respectfully refers the Court to the transcript of the referenced hearing for its full and complete contents, which document speaks for itself.

57. Chatham denies the allegations of the first sentence of paragraph 57; admits that counsel for Chatham sent an e-mail to Plaintiffs on August 5, 2011 at 11:13 a.m. EST, and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself; admits the allegations contained in the fourth sentence of paragraph 57; and lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 57, and therefore denies them.

58.     Chatham lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 58, and therefore denies them.  As to the remaining allegations of paragraph 58, Chatham admits that it informed the Fixed/Floating Debtors that Cerberus stated that Cerberus would not close because of open issues with a franchise agreement with Starwood Hotels & Resorts, and otherwise denies them.

59.     Chatham lacks knowledge and information necessary to form a belief as to the truth or falsity of the allegations of paragraph 59, and therefore denies them, except admits that the Debtors' and Cerberus' counsel exchanged e-mails on Friday, August 5, 2011 that reference the closing of the transaction, one of which contains the excerpt quoted in the second sentence of paragraph 59, and respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves .

60.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60, and therefore denies them.

61.     Chatham admits that a status call took place on August 9, 2011, but otherwise denies the allegations in the second sentence of paragraph 61.  Chatham lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 61, and therefore denies them.

62.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62, and therefore denies them.

63.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63, and therefore denies them.

64.     Chatham admits that it co-signed a letter of August 19, 2011 containing, among other things, the language quoted in paragraph 64, respectfully refers the Court to the full and

complete terms of the letter and the other documents referenced in paragraph 64, which documents speak for themselves, and otherwise denies the allegations of paragraph 64.

65. The allegations of paragraph 65 refer to the terms of a document that speaks for itself, and Chatham respectfully refers the Court to the referenced document for its full and complete contents, and otherwise denies the allegations of paragraph 65.

66. Chatham denies the allegations of the first, second and fourth sentences of paragraph 66. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 66, and therefore denies them.

67. Chatham admits that the Debtors shared with Chatham a purported budget created in February 2011, and lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 67, and therefore denies them.

68. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68, and therefore denies them, except admits that Island Hospitality Management, Inc. presented a forecast on August 15, 2011, and respectfully refers the Court to such forecast for its full and complete contents, which document speaks for itself.

69. Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69, and therefore denies them.

70. Chatham admits that the price of its common stock trading on the New York Stock Exchange declined during the week of August 8, 2011, that Plaintiffs have quoted selective excerpts from the referenced conference call, respectfully refers the Court to the transcript of

the referenced conference call for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 70.

71.     Chatham admits that Plaintiffs have quoted selective excerpts from the referenced document, respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself, and otherwise denies the allegations of paragraph 71.

72.     Chatham lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72, and therefore denies them.

73.     Chatham repeats and realleges each and every response to paragraphs 1 through 72 above as if set forth fully herein.

74.     Chatham admits that it executed the documents referenced in paragraph 74, objects to the purported defined terms in paragraph 74 characterizing such documents, and respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves.

75.     The allegations of paragraph 75 constitute conclusions of law to which no responsive pleading is required.

76.     Chatham admits that, among other relevant provisions of the Commitment Letter, the Plan Sponsors committed to provide the amount of the Commitment upon the Effective Date of the Fixed/Floating Plan, upon the terms and subject to the conditions set forth therein.  Chatham otherwise denies the allegations of paragraph 76 and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

77.     Chatham denies the allegations of paragraph 77.

78.     Chatham denies the allegations of paragraph 78.

79.     Chatham denies that Plaintiffs are entitled to any of the relief described in paragraph 79.

80.     Chatham repeats and realleges each and every response to paragraphs 1 through 79 above as if set forth fully herein.

81.     Chatham admits that it executed the documents referenced in paragraph 81, objects to the purported defined terms characterizing such documents, and respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves.

82.     The allegations of paragraph 82 constitute conclusions of law to which no responsive pleading is required.

83.     Chatham denies the allegations of paragraph 83.

84.     Chatham denies the allegations of paragraph 84.

85.     Chatham denies the allegations of paragraph 85.

86.     Chatham denies the allegations of paragraph 86.

87.     Chatham denies the allegations of paragraph 87.

88.     Chatham denies the allegations of paragraph 88.

89.     Chatham denies the allegations of paragraph 89.

90.     Chatham denies the allegations of paragraph 90.

91.     Chatham denies the allegations of paragraph 91.

92.     Chatham denies the allegations of paragraph 92, and further avers that in accordance with the Commitment Letter and Bidding Procedures Order, Plaintiffs and Defendants have agreed, and the Court has ordered, that "[r]etention of the [$20 million] Deposit [submitted

by Defendants], plus accrued interest, as liquidated damages, shall be the Fixed/Floating Debtors' sole remedy at law and in equity against" Defendants.

93.     Chatham repeats and realleges each and every response to paragraphs 1 through 92 above as if set forth fully herein.

94.     Chatham admits that it executed the documents referenced in paragraph 94, objects to the purported defined terms in paragraph 94 characterizing such documents, and respectfully refers the Court to the referenced documents for their full and complete contents, which documents speak for themselves.

95.     The allegations of paragraph 95 constitute conclusions of law to which no responsive pleading is required.

96.     Chatham denies the allegations of paragraph 96.

97.     Chatham denies the allegations of paragraph 97.

98.     Chatham denies the allegations of paragraph 98.

99.     Chatham denies the allegations of paragraph 99.

100.     Chatham denies the allegations of paragraph 100.

101.     Chatham denies the allegations of paragraph 101.

102.     Chatham denies the allegations of paragraph 102.

103.     Chatham denies the allegations of paragraph 103, and further avers that in accordance with the Commitment Letter and Bidding Procedures Order, Plaintiffs and Defendants have agreed, and the Court has ordered, that "[r]etention of the [$20 million] Deposit [submitted by Defendants], plus accrued interest, as liquidated damages, shall be the Fixed/Floating Debtors' sole remedy at law and in equity against" Defendants.

104.     Chatham repeats and realleges each and every response to paragraphs 1 through 103 above as if set forth fully herein.

105.     Chatham admits that the Court entered an order confirming the Debtors' Plan of Reorganization and respectfully refers the Court to the referenced document for its full and complete contents, which document speaks for itself.

106.     The allegations of paragraph 106 constitute conclusions of law to which no responsive pleading is required.

107.     Chatham denies the allegations of paragraph 107.

108.     Chatham denies the allegations of paragraph 108.

109.     Chatham denies the allegations of paragraph 109.

110.     Chatham denies the allegations of paragraph 110.

111.     Chatham denies the allegations of paragraph 111.

112.     Chatham denies the allegations of paragraph 112.

113.     Chatham denies the allegations of paragraph 113.

114.     Chatham denies the allegations of paragraph 114, and further avers that in accordance with the Commitment Letter and Bidding Procedures Order, Plaintiffs and Defendants have agreed, and the Court has ordered, that "[r]etention of the [$20 million] Deposit [submitted by Defendants], plus accrued interest, as liquidated damages, shall be the Fixed/Floating Debtors' sole remedy at law and in equity against" Defendants.

115.     Chatham repeats and realleges each and every response to paragraphs 1 through 114 above as if set forth fully herein.

116.     Chatham denies the allegations of paragraph 116.

117.     Chatham denies the allegations of paragraph 117.

118. Chatham denies the allegations of paragraph 118.

119. Chatham denies the allegations of paragraph 119, and further avers that in accordance with the Commitment Letter and Bidding Procedures Order, Plaintiffs and Defendants have agreed, and the Court has ordered, that "[r]etention of the [$20 million] Deposit [submitted by Defendants], plus accrued interest, as liquidated damages, shall be the Fixed/Floating Debtors' sole remedy at law and in equity against" Defendants.

## AFFIRMATIVE DEFENSES

Chatham asserts the following affirmative defenses and reserves the right to assert other defenses and claims, including, without limitation, counterclaims, cross claims, and third-party claims, as and when appropriate and/or available in this or any other action. The statement of any defense herein does not assume the burden of proof for any issue as to which applicable law otherwise places the burden of proof on Plaintiffs:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Chatham has performed all of its contractual obligations to Plaintiffs and has not breached any duty or obligation, express or implied, owing to Plaintiffs.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own conduct, including their failure to mitigate damages.

### Fourth Affirmative Defense

Plaintiffs have sustained no legally cognizable damage.

## Fifth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, acquiescence, unclean hands, unjust enrichment and/or ratification, as well as other applicable equitable doctrines.

## Sixth Affirmative Defense

Any losses Plaintiffs sustained were not caused by any conduct of Chatham.

**WHEREFORE**, Chatham respectfully requests that the Court enter an order:

A.     Denying Plaintiffs any and all relief sought in the Complaint;

B.     Dismissing the Complaint in its entirety with prejudice;

C.     Awarding Chatham its costs and expenses, including attorneys' fees; and

D.     Awarding Chatham such other and further relief as the Court deems just and proper.

Dated:  September 9, 2011
       New York, New York

WACHTELL, LIPTON, ROSEN & KATZ

/s/ David C. Bryan
Scott K. Charles
David C. Bryan
William Savitt
Andrew J.H. Cheung
Joshua A. Naftalis
Adam P. Schleifer

51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

*Attorneys for Defendant Chatham Lodging Trust*